PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. June 19, 1911.)

RECEIVERS (§ 91*)—LEASES—RENT—REDUCTION.

Where receivers of a railroad company rented a building for a hotel with the privilege of renewal and the lessee accepted a renewal at the same rent many months after a change by the receivers in the street railway facilities in front of the hotel, and the receivers, subsequent to the renewal of the lease, had done nothing to affect the lessee's business, he was not entitled to a reduction of the rent because of such change.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 91.*]

In Equity. Suit by the Pennsylvania Steel Company against the New York City Railway Company and another. Application by lessee of building used for a hotel for reduction of rent. Denied.

Byrne & Cutcheon, for complainant.
Jas. L. Quackenbush, for New York City Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Masten & Nichols, for receivers.
Bowers & Sands, for Simpson, Thatcher & Bartlett.

LACOMBE, Circuit Judge. This is an application by the lessee of a building near the Twenty-Third street westerly terminal for a modification of the lease, by reducing the amount of rent reserved. The lease was entered into April 30, 1909, for a period of five years, with a privilege reserved to the lessor to terminate it on the 1st day of May or November in any year upon giving six months' notice. It was in renewal at the same rent of a prior lease to petitioner or his brother, and petitioner was himself in possession for some time before the execution of the new lease.

Under the various orders and decrees the receivers had abundant authority to make such a lease, without first securing the specific approval of the court. The business conducted on the premises is that of a hotel. Petitioner states that the receipts of the business have fallen off materially in consequence of the operation of the cars run to that terminal. Heretofore they stopped at two stubs and a switch quite near the hotel. Now they run by the hotel, without stopping, upon a loop which sweeps around near ferry entrances. The difficulty with his application, however, is that the change in mode of operation was made many months before the new lease was entered into. Nothing has been done by receivers subsequent to renewal to affect his business in any way. It is thought that the court should not, under these circumstances, deprive creditors of whatever may come to them by the enforcement of the lease.

Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes